# EXHIBIT B

**Proposed Final Order**

ACTIVE.124811477.06

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | Re: D.I. __ & __ |

**FINAL ORDER ESTABLISHING**
**NOTIFICATION PROCEDURES FOR LEASE TERMINATION**

Upon the *Debtor's Motion for Interim and Final Orders Establishing Notification Procedures for Lease Termination* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having entered an order granting the Motion on an interim basis on August __, 2020 [D.I. __]; and upon consideration of the First-Day Declaration; and it appearing that (i) the Court has jurisdiction over these chapter 11 cases and the Motion under 28 U.S.C. §§ 1334(b), (e)(2), and 157, and the Order of Reference, (ii) venue of these chapter 11 cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409, (iii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution, and (iv) notice of the Motion was adequate and proper under the circumstances,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

and no other or further notice need be given; and the Court having held a hearing to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The provisions of this Final Order shall be effective as of August 17, 2020.

3. The restrictions, notification requirements, and other procedures set forth in the notice annexed hereto as Exhibit 1 (the "Notice Procedures") are hereby approved and shall apply to every Lease with a Lease Holder; *provided, however*, the Debtors may, in consultation with the Subchapter V Trustee, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Notice Procedures.

4. Until further order of this Court to the contrary, any Termination Action with respect to a Lease with a Lease Holder in violation of the Notice Procedures shall be null and void *ab initio* pursuant to this Court's equitable and case-management powers under section 105(a) and (d)(2) of the Bankruptcy Code, and as an act in violation of the automatic stay under section 362(a) of the Bankruptcy Code.

5. Any person or entity that takes a Termination Action in knowing violation of this Final Order or the Notice Procedures may be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6. The notice substantially in the form annexed hereto as Exhibit 1 is hereby approved, and the Debtors shall serve such notice upon every Landlord as soon as practicable following entry of this Final Order.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

8. Nothing contained in the Motion or this Final Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

9. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The requirements set forth in this Final Order are in addition to the requirements of otherwise applicable laws and do not excuse noncompliance therewith.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

## **EXHIBIT 1 TO THE FINAL ORDER**

**Notice Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| In re:<br><br>RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-_____ (BLS)<br>(Jointly Administered) |

**NOTICE PROCEDURES FOR TERMINATION ACTIONS BY LANDLORDS**

TO:   ALL LANDLORDS PARTY TO LEASES (I) GUARANTEED BY RGN-GROUP HOLDINGS, LLC, RGN-NATIONAL BUSINESS CENTERS, LLC, OR H WORK, LLC (F/K/A HQ GLOBAL WORKPLACES LLC); OR (II) OF PREMISES WHERE PERSONAL PROPERTY OWNED BY RGN-GROUP HOLDINGS, LLC IS LOCATED.

PLEASE TAKE NOTICE THAT, pursuant to that certain *Final Order Establishing Notification Procedures for Lease Termination* (the "Final Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on _____, 2020, D.I. ____, the following restrictions, notification requirements (collectively, the "Notice Procedures") apply to all premises (the "Operating Centers") where either (i) the applicable lease was guaranteed by RGN-Group Holdings, LLC, RGN-National Business Centers, LLC, or H Work, LLC (f/k/a HQ Global Workplaces LLC), or (ii) furniture, fixture, or equipment owned by RGN-Group Holdings, LLC ("FF&E") is located.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

E. **Termination Restrictions**

Not less than **fifteen (15) business days** prior to taking any of the below actions (each, a "Termination Action"), any landlord, or agent thereof (together, "Landlord") shall provide notice to (i) the Debtors and the Debtors' legal counsel, and (ii) the Debtors' Subchapter V Trustee, in the form as described in the Notice section contained herein:

    c. any purported termination of any lease of an Operating Center,

    d. any attempt to "lock out" of the tenant under a lease of an Operating Center from accessing such Operating Center, or

    c. any other action (i) to obtain possession or exercise control over the FF&E, including, but not limited to seizure, removal, or destruction of the FF&E, or (ii) to create, perfect, or enforce any purported lien against the FF&E.

F. **Notice**

All notices required herein shall (i) be in writing, (ii) specify the Termination Action proposed to be taken and the legal and factual basis therefor, and (iii) be delivered by hand or overnight courier service, **and** by e-mail to the following persons:

    i. **The Debtors:**

        RGN Group Holdings, LLC, *et al.*
        Attn: James S. Feltman, Responsible Officer
        3000 Kellway Drive, Suite 140
        Carrollton, Texas 75006
        E-mail: James.Feltman@DuffandPhelps.com

    ii. **The Debtors' Counsel:**

        Faegre Drinker Biddle & Reath LLP
        Attn: Patrick A. Jackson, Esq. and Ian J. Bambrick, Esq.
        222 Delaware Avenue, Suite 1410
        Wilmington, Delaware 19801
        E-mail: Patrick.Jackson@faegredrinker.com
               Ian.Bambrick@faegredrinker.com

*With Copy, for Canadian Operating Centers, to:*
Stikeman Elliott LLP
Attn: Mario Nigro and Lee Nicholson
5300 Commerce Court West
199 Bay Street
Toronto, Ontario M5L 1B9
Canada
E-mail:  mnigro@stikeman.com
         leenicholson@stikeman.com

iii. **The Subchapter V Trustee:**

Natasha Songonuga, Esq.
Gibbons P.C.
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801-1671
E-mail:  nsongonuga@gibbons.com

Notices sent by hand or overnight courier service shall be deemed to have been given when received.  Notices and other communications sent to an e-mail address shall be deemed received upon the sender's receipt of an acknowledgement from the intended recipient (such as by the "return receipt requested" function, as available, return e-mail or other written acknowledgement), provided that if such notice or other communication is not sent during the normal business hours of the recipient, such notice or communication shall be deemed to have been sent at the opening of business on the next business day for the recipient.

G. **Noncompliance with Procedures**

Any Termination Action purported to be taken in violation of these Notice Procedures shall be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362(a) of the Bankruptcy Code.  Furthermore, any person that undertakes a Termination Action in knowing violation of these Notice Procedures may be subject to sanctions as provided by law.

4

H. **<u>Debtors' Right to Waive</u>**

**The Debtors may, in writing, and in consultation with the Subchapter V Trustee, waive any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice.**

Dated: Wilmington Delaware                                    **BY ORDER OF THE COURT**
_____, 2020