IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11961 (BLS)<br>(Jointly Administered)<br><br>**Ref. Dkt. Nos. 16, 4, & 37** |

**INTERIM ORDER (I) AUTHORIZING PAYMENT TO
UTILITY COMPANIES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion [Case No. 20-11894; D.I. 16] (the "Motion")[2] and the joinder [D.I. 4] (the "Joinder") filed by the above-captioned Debtors for the entry of interim and final orders, pursuant to sections 105(a), 363(b), and, to the extent it is necessary, 366(b) of the Bankruptcy Code for entry of an order (i) authorizing, but not directing, the Debtors to remit and pay Utility Companies and (ii) granting related relief, as fully set forth in the Motion and the Joinder, and the Court having jurisdiction to consider the Motion and the Joinder and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Order of Reference; and consideration of the Motion and the Joinder and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion and the Joinder was adequate and proper

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Numbers ("FEIN"), where applicable are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the Joinder as applicable.

under the circumstances, and no other or further notice need be given; and it appearing that the relief requested in the Motion and the Joinder and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion and the Joinder are GRANTED on an interim basis as set forth herein.

2. The Final Hearing on the Motion and the Joinder shall be held on September 29, 2020, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order (the "Final Order") on the Motion and the Joinder shall be filed no later than 4:00 p.m., prevailing Eastern Time, on September 8, 2020 (the "Objection Deadline") and served to the following parties: (i) the Debtors; (ii) proposed counsel to the Debtors, Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Patrick A. Jackson; (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Villagrana; (iv) the Subchapter V Trustee, 300 Delaware Avenue, Suite 1015, Wilmington Delaware 19801, Attn: Natasha Songonuga; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3. In the situation where a Landlord or RMG fails to pay a Utility Company in accordance with the applicable Lease or the Management Agreement, the Debtors are authorized, but not directed, to pay for all Utility Services due and owing to Utility Companies that arose prior to the Petition Date, and that continue to accrue post-petition, up to the amounts set forth in the attached Schedule 1; provided, however, that prior to making any such payments, the Debtors shall provide the U.S. Trustee and the Subchapter V Trustee with no less than one (1) business days' notice via email and phone of any proposed payments. To the extent that the Debtors have

overpaid any of the Utility Companies, the Debtors are authorized to seek a refund or credit on account thereof.

     4.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion, the Joinder, or this Interim Order or any payment made pursuant to this Interim Order shall or shall be deemed to constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, the Joinder, or this Interim Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

     5.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Utility Companies.

     6.     The Debtors are authorized, but not directed, to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored or rejected as a consequence of these chapter 11 cases with respect to any amounts owed in connection with any Utility Services.

     7.     The Debtors' banks and financial institutions on which checks were drawn or electronic fund transfer requests made with respect to amounts owed in connection with any Utility Services are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and

financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Interim Order.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9. Notice of the Motion and the Joinder shall be deemed good and sufficient notice of each, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion and the Joinder.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to implementation of this Interim Order.

**Dated: August 24th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

## **Schedule 1**

| Legal Entity | Utility Services Cap (Monthly) |
|---|---|
| RGN – Columbus IV, LLC | $2,000 |
| RGN – Chapel Hill II, LLC | $3,000 |
| RGN – Chicago XVI, LLC | $4,000 |
| RGN – Fort Lauderdale III, LLC | $5,000 |
| RGN – Group Holdings, LLC | *None Requested* |
| RGN – National Business Centers, LLC | $35,000 |
| H Work, LLC | $20,000 |
| **Total Monthly Utility Services Cap** | **$69,000** |