## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | **Ref. Docket Nos. 45, 47, 73, & 83** |

## NOTICE OF FILING OF REVISED ORDER ON DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING (I) REJECTION PROCEDURES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) MODIFICATION PROCEDURES FOR UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Debtors' Motion for Entry of an Order Establishing (I) Rejection Procedures of Executory Contracts and Unexpired Leases and (II) Modification Procedures for Unexpired Leases* (the "Motion"). Attached as Exhibit A to the Motion was a proposed form of order (the "Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that in response to certain comments received, the Debtors have revised the proposed form of order (the "Revised Proposed Order"), attached hereto as Exhibit I. For the convenience of the Court and other parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as Exhibit II.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to seek entry of the Revised Proposed Order at the hearing (the "Hearing") currently scheduled for August 31, 2020, at 11:00 a.m. (ET). The Debtors reserve all rights to modify the Revised Proposed Order at or prior to the Hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC. The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs. The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

Dated: Wilmington, Delaware
August 30, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

James F. Conlan (admitted *pro hac vice*)
Mike T. Gustafson (admitted *pro hac vice*)
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel.: (312) 212-6500
Fax: (312) 212-6501
James.Conlan@faegredrinker.com
Mike.Gustafson@faegredrinker.com

-and-

Jay Jaffe (admitted *pro hac vice*)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Tel.: (317) 237-0300
Fax: (317) 237-1000
Jay.Jaffe@faegredrinker.com

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Del. Bar No. 4976)
Ian J. Bambrick (Del. Bar No. 5455)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel.: (302) 467-4200
Fax: (302) 467-4201
Patrick.Jackson@faegredrinker.com
Ian.Bambrick@faegredrinker.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

ACTIVE.124937156.01

## **Exhibit I**

Revised Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | **Ref: D.I. 45** |

### ORDER ESTABLISHING (I) REJECTION
### PROCEDURES OF EXECUTORY CONTRACTS AND UNEXPIRED
### LEASES AND (II) MODIFICATION PROCEDURES FOR UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the Debtors in the above-captioned chapter 11 cases

(the "Chapter 11 Cases") for entry of an order, pursuant to sections 105(a), 365, and 554 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6006,

6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

approving procedures for the rejection of executory contracts and unexpired leases throughout

these Chapter 11 Cases, and granting authority to take all actions necessary to implement such

procedures, including abandonment of any Remaining Property; and it appearing that the Court

has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and *the Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC. The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs. The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b)(2) and that the Court may enter a final order consistent with Article III of the United

States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Motion is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of

the Motion has been given under the circumstances, and that no other or further notice need be

given; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good

and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED, as set forth herein.

2.    The following Rejection Procedures are hereby APPROVED:

    a.    <u>Rejection Notice</u>.  The Debtors will file a notice (the "<u>Rejection Notice</u>") setting forth the proposed rejection of one or more Contracts or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "<u>Counterparty</u>") (and its counsel, if known) under the respective Contract or Lease at the notice address specified in the Contract or Lease; (ii) with respect to real property Leases ("<u>Real Property Leases</u>"), any known third party having an interest in personal property located at the leased premises (the "<u>Leased Premises</u>"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbonslaw.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana2@usdoj.gov; and (vi) counsel to any committee appointed in these Chapter 11 Cases (collectively, the "<u>Notice Parties</u>").

    b.    <u>Content of Rejection Notice</u>.  The Rejection Notice shall be substantially in the form attached as <u>Exhibit 1</u> to the Proposed Order.  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (the "<u>Landlord</u>"); (iii) the date on which the Debtors will vacate (or have vacated) the Leased Premises; and (iv) a brief description of any personal property or furniture, fixtures and equipment to be abandoned.  With respect to all other Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and

2

address of the Counterparty; and (ii) a brief description of the Contract or Lease to be rejected. All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "Rejection Order").

c.  Objections. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease or the abandonment of any personal property located in the Leased Premises the Debtors propose to abandon, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Rejection Notice is filed (the "Objection Deadline"): (i) the Debtors, RGN Group Holdings, LLC, *et al.*, Attn: James S. Feltman, Responsible Officer, 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006, E-mail: James.Feltman@DuffandPhelps.com; (ii) the Debtors' Counsel, Faegre Drinker Biddle & Reath LLP, Attn: Patrick A. Jackson, Esq. and Ian J. Bambrick, Esq., 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, E-mail: Patrick.Jackson@faegredrinker.com & Ian.Bambrick@faegredrinker.com; (iii) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbonslaw.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana2@usdoj.gov; and (vi) counsel to any committee appointed in these Chapter 11 Cases.

d.  Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the Debtors shall submit a form of order with the Court under certification of counsel substantially in the form attached to the Rejection Notice and such Rejection Order shall set forth the effective date of such rejection for the applicable Contract or Lease (the "Rejection Date"); *provided*, *however*, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date of expiration of the Objection Deadline, with no objections having been filed; (ii) entry of the Rejection Order; and (iii) the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected Landlord, or (B) notifying the affected Landlord in writing that the keys, key codes, and security codes, if any, are not available, but the Landlord may rekey the Leased Premises (the "Lease Rejection Date"); *provided further* that the Rejection Date for a rejection of a Real Property Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  Remaining Property. After consultation with Regus Corporation, any personal property or furniture, fixtures and equipment (the "Remaining

Property") remaining on the Leased Premises as of the Lease Rejection Date shall be deemed abandoned by the Debtors and the Landlords may use or dispose of any Remaining Property, in their sole discretion, without any further notice or liability to the Debtors or any third party and, to the extent applicable, the automatic stay shall be modified to allow such use or disposition.

f.  <u>Effects of Filing an Objection to a Rejection Notice</u>.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Counterparty (if not the objecting party), and the Objection Notice Parties. If this Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected as of the date determined by this Court as set forth in any order overruling such Objection.

g.  <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors, the objecting party, and the Counterparty.

h.  <u>Deadlines for Filing Claims</u>.  Any Rejection Order will be served on the appropriate Counterparties no later than five (5) days after entry of such order. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Chapter 11 Cases or (ii) thirty-five (35) days after the date of entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant may not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and may be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

i.  <u>Treatment of Security Deposits</u>.  If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit, such Counterparty or Landlord may setoff or otherwise use such deposit following three (3) business days' notice in writing of their intent to exercise such rights to the Objection Notice Parties.  Further, the Debtors shall provide notice to Regus Corporation for any security deposits remitted to or held for the benefit of the Debtors.

3.  The form of Rejection Notice attached hereto as <u>Exhibit 1</u> is hereby APPROVED.

4.  The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.    The following Modification Procedures with respect to real property Leases where (i) a Debtor entity is tenant and (ii) the Landlord and Debtor have agreed to modification thereof (together with the Rejection Procedures, the "Procedures") are hereby APPROVED:

a.    Modification Notice.  The Debtors will file a notice (the "Modification Notice") setting forth the proposed modification of one or more Leases where a Debtor entity is a party and will serve the Modification Notice via U.S. mail on the Notice Parties.

b.    Content of Modification Notice.  The Modification Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the Landlord; (iii) a brief description of the modification; however, absent reasonable protection and restrictions against publication, any sensitive economic information about the terms of the original Lease or the modification shall not be disclosed absent prior written consent of the Landlord; (iv) whether the Lease is guaranteed by a Debtor, and if so, which Debtor; and (v) the proposed date that the modification shall go into effect.

c.    Objections.  Should a party in interest object to the proposed modification of a Lease as set forth in a Modification Notice, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the Objection Notice Parties no later than seven (7) days after the date the Modification Notice is filed.

d.    Effects of Failing to File an Objection to a Modification Notice.  If no Objection to a Modification Notice is timely filed and served, then (i) the Debtor-tenant shall consent to and perform under the modified Lease on an interim basis, including but not limited to executing any documents in connection with such modification, until such time as the modified Lease is assumed pursuant to and at the time of confirmation of a Bankruptcy Plan, and (ii) the Debtor-guarantor, if any, may execute any documents in connection with such documentation, subject to the provisions of paragraph 7 of this Order.

e.    Effects of Filing an Objection to a Modification Notice.  If a timely Objection to a Modification Notice is filed and received in accordance with the Modification Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Landlord, and the Objection Notice Parties.  If this Court upholds the Debtor-tenant's determination to modify the applicable Lease, then (i) the Debtor-tenant shall consent to and perform under the modified Lease on an interim basis, including but not limited to executing any documents in connection with such modification, until such time as the modified Lease is assumed pursuant to and at the time of confirmation of a

5

Bankruptcy Plan, and (ii) the Debtor-guarantor, if any, may execute any documents in connection with such documentation, subject to the provisions of paragraph 7 of this Order.

    f.   <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

6.     For the avoidance of doubt and notwithstanding anything to the contrary contained herein or in the Motion: (a) the Rejection Procedures approved by this Order shall not be utilized to reject leases of non-residential real property pursuant to which an entity other than a Debtor is the tenant; (b) no lease of non-residential real property pursuant to which an entity other than a Debtor is the tenant shall be considered a "Lease" for purposes of the Procedures; (c) the Modification Procedures set forth in paragraph 5 above shall only be used to approve the Debtors' determination to enter into a modification of an applicable lease for which the Debtor is the tenant and where the parties to such lease have consented to the proposed Modification, and only to the extent Court approval of the Debtor's participation in such Modification is deemed necessary by any party; (d) the Modification Procedures approved by this Order shall not be utilized to seek amendments to leases with non-debtor tenants or guaranties by non-debtor guarantors, or to seek a modification to any guaranty by a Debtor of a lease to which a non-debtor entity is tenant; (e) no guaranty of any Debtor shall be considered an executory contract subject to modification or rejection pursuant the Procedures approved herein; and (f) nothing in this Order shall restrict or otherwise constrain any Counterparty or Landlord from exercising its rights under a letter of credit provided by or on behalf of a Debtor.

7.     To the extent deemed necessary by any party to a Lease that is modified (i) in accordance with the Modification Procedures approved by this Order (for Leases to which a Debtor is the tenant), or (ii) by agreement between the parties thereto (for Leases to which a non-debtor entity is the tenant), a Debtor that is guarantor of such Lease is hereby authorized to

execute any documents in connection with a modification of such Lease, *provided that* the execution of any such document may not alter the priority of any claim arising under such guaranty without further order of the Court, after notice and a hearing.  For the avoidance of doubt, this paragraph 7 is intended only to confirm and circumscribe the Guarantor Debtors' authority to execute documents in connection with consensual modifications of guaranteed Leases, where the Guarantor Debtor's participation in such modification is deemed necessary by the parties to the Lease.  Nothing in this paragraph 7 is intended, nor shall it be construed, (i) to impose any limitations on any non-debtor's execution of documents in relation to amendment of any Lease, (ii) to impose any requirement that a Guarantor Debtor execute any document in order for an amendment to a Lease to become effective, or (iii) to affect the Guarantor Debtor's liability under its guaranty of any Lease that is modified by the parties thereto without the Guarantor Debtor's participation.

8.    Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

9.    The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

10.    Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

11.    Nothing herein shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors and their estates to dispute

any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtors and their estates, or of any Landlord, under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**<u>EXHIBIT 1</u>**

**Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on [•], 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I.  •] (the "Procedures Order")[2] in the above-captioned chapter 11 cases of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), establishing, among other things, procedures (the "Rejection Procedures") for the rejection of executory contracts (each a "Contract" and collectively the "Contracts") and unexpired leases (each a "Lease" and collectively the "Leases").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contracts and Leases. Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following Contracts and Leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth below in this Notice:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASE OTHER THAN NONRESIDENTIAL PROPERTY LEASES

| TITLE/DESCRIPTION OF CONTRACT | COUNTERPARTY NAME AND ADDRESS | REJECTION DATE |
|---|---|---|
|  |  |  |

## UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

| ADDRESS OF SUBJECT PROPERTY | LANDLORD NAME AND ADDRESS | REJECTION DATE | DESCRIPTION OF PERSONAL PROPERTY TO BE ABANDONED |
|---|---|---|---|
|  |  |  |  |

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice, including to the proposed abandonment of personal property, must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than ten (10) business days after the date of this Notice: (i) the Debtors, RGN Group Holdings, LLC, et al., Attn: James S. Feltman, Responsible Officer, 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006, E-mail: James.Feltman@DuffandPhelps.com; (ii) the Debtors' Counsel, Faegre Drinker Biddle & Reath LLP, Attn: Patrick A. Jackson, Esq. and Ian J. Bambrick, Esq., 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, E-mail: Patrick.Jackson@faegredrinker.com & Ian.Bambrick@faegredrinker.com; (iii) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbonslaw.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana2@usdoj.gov; and (vi) counsel to any committee appointed in these cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtors may submit a proposed order approving the rejection of the Contracts and/or Leases set forth on this Notice (the "Rejection Order"), substantially in the form attached hereto as Exhibit A, for entry by the Court under certification of counsel, and such rejection shall be deemed effective as of the date set forth in the Rejection Order, provided, however, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date of entry of the Rejection Order or (ii) the date the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected Landlord, or (B) notifying the affected Landlord in writing that the keys, key codes, and security codes, if any, are

not available, but the Landlord may rekey the Leased Premises; *provided further* that the Rejection Date for a rejection of a Real Property Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice. (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that if any party with an interest in the personal property the Debtors intend to abandon at the Leased Premises (the "Remaining Property")fails to file and serve an objection by the Objection Deadline, any Remaining Property remaining on the Leased Premises as of the Rejection Date shall be deemed abandoned by the Debtors and the Landlords may use or dispose of any such Remaining Property, in their sole discretion and without any further notice or liability to the Debtors or any third party and, to the extent applicable, the automatic stay shall be modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Counterparty, and the Objection Notice Parties.  If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected as of the date determined by the Court as set forth in any order overruling such Objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited funds with a Counterparty or Landlord as a security deposit, letter of credit, or other arrangement, such Counterparty may not setoff or otherwise use such deposit or draw on such letter of credit without first providing three (3) business days' notice in writing of their intent to exercise such rights to the Objection Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, you will receive notice of any order entered rejecting any Contract or Lease set forth in this Notice to which you are a counterparty no later than five (5) days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, on or before the later of (a) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (b) thirty-five (35) days after the date of entry of the Rejection Order. If you do not timely file such proof of claim, you may not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these cases and may be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contract or Lease and from participating in any distributions that may be made in connection with these chapter 11 cases unless otherwise ordered by the Court.

*[Signature page follows.]*

3

Dated: Wilmington, Delaware
      [•], 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

James F. Conlan (admitted *pro hac vice*)
Mike T. Gustafson (admitted *pro hac vice*)
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel.: (312) 212-6500
Fax: (312) 212-6501
James.Conlan@faegredrinker.com
Mike.Gustafson@faegredrinker.com


-and-


*/s/*_____
Patrick A. Jackson (Del. Bar No. 4976)

Ian J. Bambrick (Del. Bar No. 5455)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel.: (302) 467-4200
Fax: (302) 467-4201
Patrick.Jackson@faegredrinker.com
Ian.Bambrick@faegredrinker.com


-and-


Jay Jaffe (admitted *pro hac vice*)

600 E. 96th Street, Suite 600

Indianapolis, Indiana 46240

Tel.: (317) 237-0300

Fax: (317) 237-1000

Jay.Jaffe@faegredrinker.com


*Proposed Counsel to the Debtors
and Debtors in Possession*

## EXHIBIT A

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | **Ref: D.I. __ & __** |

**ORDER APPROVING THE REJECTION**
**OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

Pursuant to and in accordance with the *Order (I) Establishing Rejection Procedures Of Executory Contracts And Unexpired Leases And (II) Modification Procedures for Unexpired Leases* [D.I.    ] (the "Rejection Procedures Order");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of Executory Contracts and Unexpired Leases" (the "Rejection Notice") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC. The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs. The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Contracts") and unexpired leases (the "Leases") set forth on Exhibit 1 hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Leases and Contracts listed on Exhibit 1 hereto are hereby rejected effective as of the dates set forth for each such Lease or Contract listed on Exhibit 1 hereto (the "Rejection Date").

2.      With respect to the Leases listed on Exhibit 1 hereto, any personal property or furniture, fixtures and equipment (the "Remaining Property") remaining on the Leased Premises as of the Rejection Date shall be deemed abandoned by the Debtors and the Landlords may use or dispose of any Remaining Property, in their sole discretion and without any further notice or liability to the Debtors or any third party and, to the extent applicable, the automatic stay shall be modified to allow such use or disposition.

3.      If any affected landlord or counterparty subject to this Order (the "Rejection Claimant") asserts a claim or claims against the Debtors arising from the rejection of a Lease or Contract, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the date that is thirty-five (35) days after entry of this Order and (ii) the general bar date established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant will be forever barred from asserting a claim for such rejection damages.

4.      For each Lease listed on Exhibit 1 hereto, Franchisor shall make reasonable efforts to relocate Occupants to other Centers, if available, and shall remit all Novation Payments (as such term is defined in the Franchise Agreement) to the applicable Debtor within thirty (30) business days of each such relocation for deposit into the Debtor's debtor-in-possession account.

5.      The Franchisor and/or the Debtors shall provide the U.S. Trustee and the Subchapter V Trustee notice of each such relocation within fifteen (15) business days of such relocation.

6.      The Debtors are authorized to take any action necessary or appropriate to implement the terms of this Order and the rejection without further order from this Court.

7.      This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

**<u>Exhibit II</u>**

Blackline

ACTIVE.124937156.01

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | **Ref: D.I. —45** |

**ORDER ESTABLISHING (I) REJECTION**
**PROCEDURES OF EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES AND (II) MODIFICATION PROCEDURES FOR UNEXPIRED LEASES**

Upon the motion (the "Motion")[2] of the Debtors in the above-captioned chapter 11 cases

(the "Chapter 11 Cases") for entry of an order, pursuant to sections 105(a), 365, and 554 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6006,

6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

approving procedures for the rejection of executory contracts and unexpired leases throughout

these Chapter 11 Cases, and granting authority to take all actions necessary to implement such

procedures, including abandonment of any Remaining Property; and it appearing that the Court

has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and *the Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ACTIVE.124859634.07

dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C.

§ 157(b)(2) and that the Court may enter a final order consistent with Article III of the United

States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Motion is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of

the Motion has been given under the circumstances, and that no other or further notice need be

given; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good

and sufficient cause appearing therefor,

       IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The following Rejection Procedures are hereby APPROVED:

    a.    <u>Rejection Notice</u>.  The Debtors will file a notice (the "<u>Rejection Notice</u>") setting forth the proposed rejection of one or more Contracts or Leases and will serve the Rejection Notice via U.S. mail on: (i) the counterparty to the Contract or Lease (the "<u>Counterparty</u>") (and its counsel, if known) under the respective Contract or Lease at the ~~last known~~<u>notice</u> address ~~available to the Debtors~~<u>specified in the Contract or Lease</u>; (ii) with respect to real property Leases ("<u>Real Property Leases</u>"), any known third party having an interest in personal property located at the leased premises (the "<u>Leased Premises</u>"); (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbons<u>law</u>.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana<u>2</u>@usdoj.gov; and (vi) counsel to any committee appointed in these Chapter 11 Cases (collectively, the "<u>Notice Parties</u>").

    b.    <u>Content of Rejection Notice</u>.  The Rejection Notice shall be substantially in the form attached as <u>Exhibit 1</u> to the Proposed Order.  With respect to Real Property Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the landlord (the "<u>Landlord</u>"); (iii) the date on which the Debtors will vacate (or have vacated)

2

the Leased Premises; and (iv) a brief description of any personal property or furniture, fixtures and equipment to be abandoned.  With respect to all other Contracts or Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract or Lease to be rejected.  All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts and/or Leases set forth on the Rejection Notice (each such order a "Rejection Order").

c.  <u>Objections</u>.  Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease <u>or the abandonment of any personal property located in the Leased Premises the Debtors propose to abandon</u>, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Rejection Notice is filed <u>(the "Objection Deadline")</u>: (i) the Debtors, RGN Group Holdings, LLC, *et al.*, Attn: James S. Feltman, Responsible Officer, 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006, E-mail: James.Feltman@DuffandPhelps.com; (ii) the Debtors' Counsel, Faegre Drinker Biddle & Reath LLP, Attn: Patrick A. Jackson, Esq. and Ian J. Bambrick, Esq., 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, E-mail: Patrick.Jackson@faegredrinker.com & Ian.Bambrick@faegredrinker.com, ~~with Copy, for Canadian Operating Centers, to: Stikeman Elliott LLP, Attn: Mario Nigro and Lee Nicholson, 5300 Commerce Court West, 199 Bay Street, Toronto, Ontario M5L 1B9, Canada, E-mail: mnigro@stikeman.com & leenicholson@stikeman.com~~; (iii) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbons<u>law</u>.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana<u>2</u>@usdoj.gov; and (vi) counsel to any committee appointed in these Chapter 11 Cases.

d.  <u>Effects of Failing to File an Objection to a Rejection Notice</u>.  If no Objection to a Rejection Notice is timely filed and served, the <u>Debtors shall submit a form of order with the Court under certification of counsel substantially in the form attached to the Rejection Notice and such Rejection Order shall set forth the effective date of such rejection for the</u> applicable Contract or Lease ~~shall be deemed rejected on the effective date set forth in the Rejection Notice~~ (the "Rejection Date"); *provided*, *however*, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date ~~the Debtors file and serve a~~<u>of expiration of the</u> ~~Re~~Ob<u>jection</u> ~~Notice for the Real Property Lease or~~<u>Deadline, with no objections having been filed;</u> (ii) <u>entry of</u> the ~~date~~<u>Rejection Order; and (iii)</u> the Debtors relinquish control of the applicable Leased Premises by notifying the affected Landlord in writing of the Debtors'

ACTIVE.124850634.07

irrevocable surrender of the premises. and (A) turning over keys, key codes, and security codes, if any, to the affected Landlord, or (B) notifying the affected Landlord in writing that the keys, key codes, and security codes, if any, are not available, but the Landlord may rekey the Leased Premises (the "Lease Rejection Date"); *provided further* that the Rejection Date for a rejection of a Real Property Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  Remaining Property.  Upon the Rejection Date, afterAfter consultation with Regus Corporation, any personal property or furniture, fixtures and equipment (the "Remaining Property") remaining on the Leased Premises as of the Lease Rejection Date shall be deemed abandoned by the Debtors and the Landlords may use or dispose of any Remaining Property, in their sole discretion, without any further notice or liability to the Debtors or any third party and, to the extent applicable, the automatic stay shall be modified to allow such use or disposition.

f.  Effects of Filing an Objection to a Rejection Notice.  If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Counterparty (if not the objecting party), and the Objection Notice Parties. If this Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Ddate or (ii) as otherwise determined by this Court as set forth in any order overruling such Objection.

g.  Consent Orders.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and, the objecting party. If no Objection is filed, the Debtors may submit a form of order with the Court under certification of counsel substantially in the form attached to the Rejection Notice, and the Counterparty.

h.  Deadlines for Filing Claims.  Any Rejection Order will be served on the appropriate Counterparties no later than five (5) days after entry of such order.  Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Chapter 11 Cases or (ii) thirty-five (35) days after the date of entry of the applicable Rejection Order.  If no proof of claim is timely filed, such claimant shallmay not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and shallmay be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

i.  Treatment of Security Deposits.  If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such

4

Counterparty or Landlord may ~~not~~ setoff or otherwise use such deposit ~~without the prior authority of this Court or agreement of the Debtors~~following three (3) business days' notice in writing of their intent to exercise such rights to the Objection Notice Parties.  Further, the Debtors shall provide notice to Regus Corporation for any security deposits remitted to or held for the benefit of the Debtors.

3.    The form of Rejection Notice attached hereto as <u>Exhibit 1</u> is hereby APPROVED.

4.    The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.    The following Modification Procedures with respect to real property Leases where (i) a Debtor entity is tenant and (ii) the Landlord and Debtor have agreed to modification thereof (together with the Rejection Procedures, the "Procedures") are hereby APPROVED:

a.    <u>Modification Notice</u>.  The Debtors will file a notice (the "<u>Modification Notice</u>") setting forth the proposed modification of one or more Leases ~~of~~where a Debtor ~~Tenanted Centers or Guaranteed Centers~~entity is a party and will serve the Modification Notice via U.S. mail on the Notice Parties.

b.    <u>Content of Modification Notice</u>.  The Modification Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of the related real property; (ii) the name and address of the Landlord; (iii) a brief description of the modification; however, absent reasonable protection and restrictions against publication, any sensitive economic information about the terms of the original Lease or the modification shall not be disclosed absent prior written consent of the Landlord; (iv) ~~to the extent the modification relates to~~whether the Lease ~~of~~is ~~G~~guaranteed ~~Center, a certification that the modification reduces the amount of the potential contingent claim of the Landlord against the Guarantor Debtor.~~by a Debtor, and if so, which Debtor; and (v) the proposed date that the modification shall go into effect.

c.    <u>Objections</u>.  Should a party in interest object to the ~~Debtors'~~ proposed modification of a Lease as set forth in a Modification Notice, such party must file and serve a written objection (an "<u>Objection</u>") so that it is filed with this Court and actually received by the Objection Notice Parties no later than seven (7) days after the date the Modification Notice is filed.

d.    <u>Effects of Failing to File an Objection to a Modification Notice</u>.  If no Objection to a Modification Notice is timely filed and served, then (i) ~~for Debtor Tenanted Centers, the Debtor~~the Debtor-tenant shall consent to and perform under the modified Lease on an interim basis, including but not

5

limited to executing any documents in connection with such modification, until such time as the modified Lease is assumed pursuant to and at the time of confirmation of a Bankruptcy Plan, and (ii) ~~for Guaranteed Centers, the terms of the modified Lease will supersede the original Lease and shall become binding on the Guarantor Debtor and the non-Debtor SPE.~~ the Debtor-guarantor, if any, may execute any documents in connection with such documentation, subject to the provisions of paragraph 7 of this Order.

e.  <u>Effects of Filing an Objection to a Modification Notice</u>.  If a timely Objection to a Modification Notice is filed and received in accordance with the Modification Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Landlord, and the Objection Notice Parties.  If this Court upholds the ~~Debtors'~~ Debtor-tenant's determination to modify the applicable Lease, then (i) the ~~Debtor, for Debtor Tenanted Centers, or the Guarantor Debtor and non-Debtor SPE for Guaranteed Centers, shall~~ Debtor-tenant shall consent to and perform under the modified Lease on an interim basis, including but not limited to executing any documents in connection with such modification, until such time as the modified Lease is assumed pursuant to and at the time of confirmation of a Bankruptcy Plan, and (ii) the Debtor-guarantor, if any, may execute any documents in connection with such documentation, subject to the provisions of paragraph 7 of this Order.

f.  <u>Consent Orders</u>.  Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

6.  For the avoidance of doubt and notwithstanding anything to the contrary contained herein or in the Motion: (a) the Rejection Procedures approved by this Order shall not be utilized to reject leases of non-residential real property pursuant to which an entity other than a Debtor is the tenant; (b) no lease of non-residential real property pursuant to which an entity other than a Debtor is the tenant shall be considered a "Lease" for purposes of the Procedures; (c) the Modification Procedures set forth in paragraph 5 above shall only be used to approve the Debtors' determination to enter into a modification of an applicable lease for which the Debtor is the tenant and where the parties to such lease have consented to the proposed Modification, and only to the extent Court approval of the Debtor's participation in such Modification is deemed

necessary by any party; (d) the Modification Procedures approved by this Order shall not be utilized to seek amendments to leases with non-debtor tenants or guaranties by non-debtor guarantors, or to seek a modification to any guaranty by a Debtor of a lease to which a non-debtor entity is tenant; (e) no guaranty of any Debtor shall be considered an executory contract subject to modification or rejection pursuant the Procedures approved herein; and (f) nothing in this Order shall restrict or otherwise constrain any Counterparty or Landlord from exercising its rights under a letter of credit provided by or on behalf of a Debtor.

7.      To the extent deemed necessary by any party to a Lease that is modified (i) in accordance with the Modification Procedures approved by this Order (for Leases to which a Debtor is the tenant), or (ii) by agreement between the parties thereto (for Leases to which a non-debtor entity is the tenant), a Debtor that is guarantor of such Lease is hereby authorized to execute any documents in connection with a modification of such Lease, *provided that* the execution of any such document may not alter the priority of any claim arising under such guaranty without further order of the Court, after notice and a hearing.  For the avoidance of doubt, this paragraph 7 is intended only to confirm and circumscribe the Guarantor Debtors' authority to execute documents in connection with consensual modifications of guaranteed Leases, where the Guarantor Debtor's participation in such modification is deemed necessary by the parties to the Lease.  Nothing in this paragraph 7 is intended, nor shall it be construed, (i) to impose any limitations on any non-debtor's execution of documents in relation to amendment of any Lease, (ii) to impose any requirement that a Guarantor Debtor execute any document in order for an amendment to a Lease to become effective, or (iii) to affect the Guarantor Debtor's liability under its guaranty of any Lease that is modified by the parties thereto without Guarantor Debtor's participation.

ACTIVE.124859634.07

8.   6. Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

9.   7. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

8. The Debtors do not waive any claims they may have against Landlords and Counterparties, regardless of whether such claims relate to the Contracts and Leases.

10.   9. Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

11.   10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should Nothing herein shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors and their estates to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the rights of the Debtors and their estates, or of any Landlord, under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

11. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors

ACTIVE.124859634.07

under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors and any budget in connection therewith.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

13.     14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

9

**EXHIBIT 1**

**Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | |

## NOTICE OF REJECTION OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on [•], 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. •] (the "Procedures Order")[2] in the above-captioned chapter 11 cases of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), establishing, among other things, procedures (the "Rejection Procedures") for the rejection of executory contracts (each a "Contract" and collectively the "Contracts") and unexpired leases (each a "Lease" and collectively the "Leases").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contracts and Leases. Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following Contracts and Leases will be rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the date set forth below in this Notice (the "Rejection Date"):

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures Order.

ACTIVE.124859634.07

**EXECUTORY CONTRACTS AND UNEXPIRED LEASE OTHER THAN NONRESIDENTIAL PROPERTY LEASES**

| TITLE/DESCRIPTION OF CONTRACT | COUNTERPARTY NAME AND ADDRESS | REJECTION DATE |
|---|---|---|
|  |  |  |

**UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES**

| ADDRESS OF SUBJECT PROPERTY | LANDLORD NAME AND ADDRESS | REJECTION DATE | DESCRIPTION OF PERSONAL PROPERTY TO BE ABANDONED |
|---|---|---|---|
|  |  |  |  |

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice, including to the proposed abandonment of personal property, must be filed and served so that such objection is filed with the Court and actually received by the following parties no later than ten (10) business days after the date of this Notice: (i) the Debtors, RGN Group Holdings, LLC, et al., Attn: James S. Feltman, Responsible Officer, 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006, E-mail: James.Feltman@DuffandPhelps.com; (ii) the Debtors' Counsel, Faegre Drinker Biddle & Reath LLP, Attn: Patrick A. Jackson, Esq. and Ian J. Bambrick, Esq., 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, E-mail: Patrick.Jackson@faegredrinker.com & Ian.Bambrick@faegredrinker.com, with Copy, for Canadian Operating Centers, to: Stikeman Elliott LLP, Attn: Mario Nigro and Lee Nicholson, 5300 Commerce Court West, 199 Bay Street, Toronto, Ontario M5L 1B9, Canada, E-mail: mnigro@stikeman.com & leenicholson@stikeman.com; (iii) the Subchapter V Trustee, Natasha Songonuga, Esq., c/o Gibbons P.C., 300 Delaware Avenue, Suite 1015, Wilmington, Delaware 19801-1671, E-mail: nsongonuga@gibbonslaw.com; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: David Villagrana, Esq.) Email: david.villagrana2@usdoj.gov; and (vi) counsel to any committee appointed in these cases.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, if no objection is filed and served in accordance with the above procedures, the Debtors may submit a proposed order approving the rejection of the Contracts and/or Leases set forth on this Notice (the "Rejection Order"), substantially in the form attached hereto as Exhibit A, for entry by the Court under certification of counsel, and such rejection shall be deemed effective as of the Rejection Date.date set forth in the Rejection Order, provided, however, that the Rejection Date for a Real Property Lease shall not be earlier than the later of (i) the date of entry of the Rejection Order or (ii) the date the Debtors relinquish control of the applicable Leased Premises

by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected Landlord, or (B) notifying the affected Landlord in writing that the keys, key codes, and security codes, if any, are not available, but the Landlord may rekey the Leased Premises; *provided further* that the Rejection Date for a rejection of a Real Property Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice. (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that if any party with an interest in the personal property the Debtors intend to abandon at the Leased Premises (the "Remaining Property")fails to file and serve an objection by the Objection Deadline, any Remaining Property remaining on the Leased Premises as of the Rejection Date shall be deemed abandoned by the Debtors and the Landlords may use or dispose of any such Remaining Property, in their sole discretion and without any further notice or liability to the Debtors or any third party and, to the extent applicable, the automatic stay shall be modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the objecting party, the Counterparty, and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (a) as of the Rejection Ddate or (b) as otherwise determined by the Court as set forth in any order overruling such oObjection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with the Contract or Lease counterpartyfunds with a Counterparty or Landlord as a security deposit or otherwise, the Contract or Lease, letter of credit, or other arrangement, such cCounterparty may not setoff or otherwise use such deposit without the prior authorization of the Courtor draw on such letter of credit without first providing three (3) business days' notice in writing of their intent to exercise such rights to the Objection Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, you will receive notice of any order entered rejecting any Contract or Lease set forth in this Notice to which you are a counterparty no later than five (5) days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, on or before the later of (a) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (b) thirty-five (35) days after the date of entry of the Rejection Order. If you do not timely file such proof of claim, you shallmay not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these cases and shallmay be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contract or Lease and from participating in any distributions that may be made in connection with these chapter 11 cases unless otherwise ordered by the Court.

*[Signature page follows.]*

Dated: Wilmington, Delaware
[•], 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

James F. Conlan (admitted *pro hac vice*)
Mike T. Gustafson (admitted *pro hac vice*)
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel.: (312) 212-6500
Fax: (312) 212-6501
James.Conlan@faegredrinker.com
Mike.Gustafson@faegredrinker.com

-and-

/s/ _____
Patrick A. Jackson (Del. Bar No. 4976)
Ian J. Bambrick (Del. Bar No. 5455)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel.: (302) 467-4200
Fax: (302) 467-4201
Patrick.Jackson@faegredrinker.com
Ian.Bambrick@faegredrinker.com

-and-

Jay Jaffe (admitted *pro hac vice*)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Tel.: (317) 237-0300
Fax: (317) 237-1000
Jay.Jaffe@faegredrinker.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**EXHIBIT A**

**Proposed Rejection Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RGN-GROUP HOLDINGS, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 20-11961 (BLS) (Jointly Administered) |
| Debtors. | **Ref: D.I. __ & __** |

## ORDER APPROVING THE REJECTION
## OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Pursuant to and in accordance with the *Order (I) Establishing Rejection Procedures Of Executory Contracts And Unexpired Leases And (II) Modification Procedures for Unexpired Leases* [D.I.    ] (the "Rejection Procedures Order");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's Federal Employer Identification Number ("FEIN"), where applicable, are as follows: RGN-Group Holdings, LLC, RGN-National Business Centers, LLC (7723), H Work, LLC (4516), RGN-Columbus IV, LLC, RGN-Chapel Hill II, LLC, RGN-Chicago XVI, LLC, and RGN-Fort Lauderdale III, LLC.  The aforementioned Debtors that do not include a FEIN are disregarded entities for tax purposes and do not have FEINs.  The mailing address for the Debtors is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Executory Contracts and Unexpired Leases" (the "Rejection Notice") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "Contracts") and unexpired leases (the "Leases") set forth on Exhibit 1 hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Leases and Contracts listed on Exhibit 1 hereto are hereby rejected effective as of the dates set forth for each such Lease or Contract listed on Exhibit 1 hereto (the "Rejection Date").

2.      With respect to the Leases listed on Exhibit 1 hereto, ~~subject to notice to and consultation with Regus Corporation,~~ any personal property or furniture, fixtures and equipment (the "Remaining Property") remaining ~~at~~on the ~~l~~Leased ~~p~~Premises as of the Rejection Date shall be deemed abandoned by the Debtors and the ~~l~~Landlords ~~shall be free to~~may use or dispose of ~~such abandoned~~any Remaining ~~p~~Property, in ~~its~~their sole ~~and absolute~~ discretion and without any further notice or liability to the Debtors or any third ~~parties~~party and, to the extent applicable, the automatic stay shall be modified to allow such use or disposition.

3.      If any affected landlord or counterparty subject to this Order (the "Rejection Claimant") asserts a claim or claims against the Debtors arising from the rejection of a Lease or Contract, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the date that is ~~thirty~~thirty-five (~~30~~35) days after entry of this Order and (ii) the general bar date

2

established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant will be forever barred from asserting a claim for such rejection damages.

4.      For each Lease listed on Exhibit 1 hereto, Franchisor shall make reasonable efforts to relocate Occupants to other Centers, if available, and shall remit all Novation Payments (as such term is defined in the Franchise Agreement) to the applicable Debtor within thirty (30) business days of each such relocation for deposit into the Debtor's debtor-in-possession account.

5.      The Franchisor and/or the Debtors shall provide the U.S. Trustee and the Subchapter V Trustee notice of each such relocation within ~~———~~fifteen (15) business days of such relocation.

6.      The Debtors are authorized to take any action necessary or appropriate to implement the terms of this Order and the rejection without further order from this Court.

7.      This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

| Summary report: Litéra® Change-Pro TDC 10.1.0.400 Document comparison done on 8/30/2020 6:54:41 PM | |
|---|---|
| **Style name:** DBR Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://IWORK.DBR.COM/ACTIVE/124936844/1 | |
| **Modified filename:** RGN - ORD 8.30 (3d).docx | |
| **Changes:** | |
| Add | 88 |
| Delete | 75 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 2 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 165 |