## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RGN-GROUP HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11961 (BLS)<br>(Jointly Administered)<br><br>**Re: Dkt. Nos. 1840 & 1868** |

### TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA'S SUBMISSION OF REQUESTED ATTORNEYS' FEES AND INTEREST IN CONNECTION WITH ITS PROOF OF CLAIM NO. 10268, AS AMENDED BY CLAIM NO. 10317

Teachers Insurance and Annuity Association of America ("TIAA"), by and through its undersigned counsel, hereby submits its Submission of Requested Attorney's Fees and Interest in Connection With its Proof of Claim No. 10268, as amended by Claim No. 10317 (the "Submission"). In support of its Submission, TIAA respectfully shows as follows:

### BACKGROUND

1. On October 12, 1987, Metropolitan Life Insurance Company ("Met"), predecessor in interest to TIAA as Landlord, and ESP – Executive Services Plus of Texas, Inc. ("ESP"), predecessor in interest to HQ, and later RGN-Dallas IX, LLC ("RGN-D"), entered into an Office Lease Agreement (the "Lease").

2. Effective as of May 31, 2014, 2014, HQ, now known as H Work, LLC ("H Work"), assigned the Lease to RGN-D. On July 26, 2019, Landlord and RGN-D amended the Lease

---

[1] Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of Debtors is not provided herein. A complete list of all the Debtors along with the last four digits of their federal tax identification numbers, where applicable, may be obtained at Debtors' noticing and claims agent's website, https://dm.epiq11.com/case/rgn/info. The mailing address for the Debtors in these chapter 11 cases is 3000 Kellway Drive, Suite 140, Carrollton, Texas 75006 (Attn: James S. Feltman, Responsible Officer).

1

pursuant to an Eighth Amendment to Office Lease Agreement (the "Eighth Amendment"). On December 19, 2019, Landlord and RGN-D amended the Original Lease pursuant to a Ninth Amendment to Office Lease Agreement (the "Ninth Amendment").

3.     TIAA' Claim relates to damages from H Work as a result of a termination of the Lease within one year of the bankruptcy filing. The Lease relates to premises at 5430 LBJ Freeway, Dallas, Texas 75240 and, per the Ninth Amendment to the Lease, was to be relocated to 5400 LBJ Freeway, Dallas, Texas 75240 in early 2021 (the "Premises"). In October 2020, after repeat delayed payment and repeated attempts to renegotiate the recently executed commercial deal after TIAA had commenced construction required by that Lease, TIAA terminated the Lease. Specifically, RGN-D failed to pay its monthly rent and other obligations due under the Lease for October 2020 and had not remedied it within the applicable grace period under the Lease. Such failure to pay was a default under the Lease. On October 16, 2020, following expiration of the grace period permitted for late payment under the Lease, TIAA terminated the Lease as a result of RGN-D's failure to pay the required rent under the Lease.

## TIAA'S PROOF OF CLAIM

4.     TIAA's Submission seeks interest and attorneys' fees and costs incurred in connection with its Proof of Claim No. 10268 against H-Work, LLC ("H-Work") f/k/a HQ Global Workspaces LLC f/k/a HQ Global Workspaces, Inc., which was amended on August 4, 2021 (Amended Claim No. 10317) (as amended, "TIAA's Proof of Claim").

5.     On May 20, 2021, Debtors filed *Debtors' Objection to Proof of Claim No. 10268 Filed by Teachers Insurance and Annuity Association of America* [Dkt. No. 1228] (the "Objection").

6. On June 11, 2021, subsequent to the filing of Debtor's Objection to TIAA's Claim, Debtors filed their putative Plan of Reorganization [Dkt No. 1274] evidencing that unsecured creditors of the Reorganized Debtors would be unimpaired under that Plan. On July 19, 2021, Debtors filed their First Amended Plan of Reorganization, [Dkt No. 1429] (as may be amended from time to time thereafter, the "Plan") continuing to confirm that unsecured creditors of the Reorganized Debtors would be unimpaired under that Plan, and entitled to receive all payments and remedies to which they were lawfully entitled, which would include post-petition interest and legal fees to which such creditor was entitled under their applicable agreements, if such agreement so permitted. H Work is a Reorganized Debtor.

7. On June 16, 2021, the Court approved the parties' *Approved Scheduling Order Regarding Debtors' Objection to Proof of Claim No. 10268 Filed by Teachers Insurance and Annuity Association of America* [Dkt. No. 1293]. The parties engaged in discovery pursuant to this Scheduling Order.

8. On July 16, 2021, TIAA filed *Teachers Insurance and Annuity Association of America's Brief in Response to Debtors' Objection to Its Proof of Claim* [Dkt. No. 1423].

9. On July 30, 2021, Debtors filed *Debtors' Reply Brief in Support of Objection to Proof of Claim No. 10268* [Dkt. No. 1483].

10. As TIAA informed the Court early in this proceeding regarding its intent to amend its claim in respect of the Section 502(b)(6) cap, on August 4, 2021, TIAA filed its Amended Proof of Claim No. 10317, wherein it voluntarily applied the cap under 11 U.S.C. § 502(b)(6) and reduced its claim amount from $32,120,371.29 to the capped amount of $5,589,547.48. Thus, TIAA never defended the larger, uncapped prior amount, and never made the Court rule on it. [2]

---

[2] In fact, TIAA provided an advance calculation of its amended proof of claim to Debtors for purposes of discovery to ensure Debtors had the amended proof of claim before its filing to enable proper questioning of the witnesses.

11. On August 12, 13, and 16, 2021, TIAA and Debtors presented evidence and arguments in connection with the Objection, TIAA's Proof of Claim, and related filings.

12. On September 15, 2021, the Court entered its Opinion regarding the Objection and TIAA's Proof of Claim [Dkt. No. 1840] (the "Opinion"), including its findings of fact and conclusions of law.

13. On September 23, 2021, the Court entered the *Order Sustaining in Part and Overruling in Part Debtors' Objection to Proof of Claim No. 10268, as Amended, Filed by Teacher Insurance and Annuity Association of America* [Dkt. No. 1868] (the "Claim Objection Order"), in furtherance of the Opinion, the form of which was approved by counsel for TIAA and counsel for the Debtors.

14. Pursuant to the Claim Objection Order, TIAA is required to file its Submission regarding the amount of interest and attorneys' fees that TIAA seeks to recover in connection with TIAA's Proof of Claim on or before October 4, 2021.

## ATTORNEY'S FEES AND COSTS

15. TIAA is entitled to recover attorneys' fees as permitted under the Lease (*see* Lease, Section 30). The Delaware Bankruptcy Court has applied the *McSheridan* test to determine whether such recoveries are included within the cap established by Section 502(b)(6) of the Bankruptcy Code. The *McSheridan* Court used the following test to determine whether a claim falls within the "rent reserved" cap:  (1) the charge must: (a) be designated as "rent" or "additional rent" in the lease; or (b) be provided as the tenant's/lessee's obligation in the lease; (2) the charge must be related to the value of the property or the lease thereon; and (3) the charge must be properly classifiable as rent because it is a fixed, regular or periodic charge. *In re Filene's Basement, LLC*, 2015 WL 1806347, *12 (Bankr. D. Del. April 16, 2015) (citing *Kuske v. McSheridan* (*In re*

*McSheridan*), 184 B.R. 91, 99-100 (9th Cir. B.A.P. 1995) overruled in part by *In re El Toro Materials, Co., Inc.*, 504 F.3d 978 (9th Cir. 2007)). Here, similar to *PPI Enterprises*, the request for attorneys' fees fails prongs two and three of the *McSheridan* three-prong test and the attorneys' fees are therefore recoverable in addition to those damages allowable under Section 502(b)(6) of the Bankruptcy Code. *See In re PPI Enters. (U.S.), Inc.*, 228 B.R. 339, 348-49 (Bankr. D. Del. 1998) (determining that attorney fees and late payments were designated as "additional rent" under the lease and, therefore, came within the section 502(b)(6) limitation, but neither attorney fees nor late charges were "rent reserved" under the *McSheridan* test because neither were related to the value of the property or were fixed, regular or periodic payments) (aff'd. 324 F.3d 197 (3d Cir. 2003)).

16. Presently, through September 30, 2021, TIAA has incurred attorney's fees in enforcing its rights under the Lease in the amount of **$736,524.64 (USD)**, as specified more fully below, and in the attached attorney's fees declarations.

17. Given the ongoing nature of this dispute, TIAA reasonably believes such legal fees will continue to be incurred, and TIAA fully reserves its rights to supplement this Submission in respect of such further fees incurred. In particular, if the Claim Objection Order is appealed, TIAA expects its attorney's fees and costs to increase substantially in relation to defending and litigating any such appeal.

18. In connection with RGN-D's default on the Lease, Landlord retained the services of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") in respect of certain matters and thereafter turned over aspects of its rights to Mayer Brown LLP ("Mayer Brown") and Archer & Greiner, P.C. ("Archer"). Munsch Hardt represented Landlord in connection the termination of the Lease and litigation by RGN-D to regain possession of the Premises, as well as supporting Mayer Brown

5

as needed. Mayer Brown and Archer represent Landlord in this matter. Mayer Brown also represents Landlord in litigation filed by RGN-D in the Dallas County Court-at-Law in Dallas, Texas, arising from Landlord's termination of the Lease, that Munsch Hardt also supported as needed. The attorneys' fees and costs sought in this Submission are supported by the attached declarations.

19. Through September 30, 2021, Munsch Hardt has incurred a total of $31,281.47 in attorneys' fees and costs related to this matter. *See* Decl. of Greg C. Noschese at ¶ 7. Through September 30, 2021, Archer has incurred a total of $51,684.30, broken down as $51,241.50 in fees and $442.80 in costs. *See* Decl. of David W. Carickhoff, at ¶ 10. Through September 30, 2021, Mayer Brown has incurred a total of $653,558.87 in attorney's fees and costs related to this matter, broken down as $647,316.25 in attorney's fees and $6,242.62 in disbursements/costs. *See* Decl. of Charles S. Kelley, at ¶ 20.

20. Moreover, Mayer Brown estimates that it will incur an additional $7,870 in connection with this matter, which includes dealing with and litigating attorneys' fees and interest. *See* Decl. of Charles S. Kelley, at ¶ 12. Archer estimates it will incur not less than an additional $4,500 in connection with this matter, which includes litigating attorneys' fees and interest. *See* Decl. of David W. Carickhoff, at ¶ 11.

21. Thus, TIAA requests this Court enter an Order granting it attorney's fees and costs in the amount of $736,524.64.

**INTEREST**

22. TIAA's claim is unimpaired under the Plan. The Plan provides for the following treatment of TIAA's claim: "payment in full in Cash (including payment of postpetition interest at a rate sufficient to render such Allowed General Unsecured Claim against the Assuming SPE Debtors Unimpaired), which payment shall occur on the later of (A) the Effective Date or (B) in the ordinary course." Plan, Article III, B.1(g)(iii).

23. RGN-D made the tactical decision not to proceed with a bankruptcy filing. Hence, interest at the Lease/contract rate continues to accrue for which Debtor H Work maintains joint and several liability, given its contractual privity as found by the Court.

24. To be unimpaired, TIAA's claim is entitled to include interest accruing post-petition since the termination date of October 16, 2020. Given that H Work continues to remain jointly and severally liable with RGN-D under the Lease in respect of recoveries thereunder, the ongoing accrual of interest is payable at the contractual rate.

25. TIAA respectfully submits that under the Court's equitable powers, TIAA should receive interest at the contract rate for the Allowed POC Amount, as RGN-D is jointly and severally liable with H Work and it is liable for interest at the contract rate. To reach a different conclusion would leave parties jointly and severally liable owing different interest rates, which is not equitable.

26. Under Texas law, assessable interest is that interest rate which the parties have agreed to in their contract, which in this case is reflected in the Lease. H Work's Lease with TIAA specified unpaid amounts shall "bear interest at the maximum lawful rate until paid." *See* Lease, Section 5(b). As a matter of Texas law, contracts that provide for the maximum interest rate allowed by law invoke the 18% rate specified by statute. TEX. FIN. CODE Section 304.002 (Vernon

1999); *Whitehead Utilities, Inc. v. Emery Fin. Corp.*, 697 S.W.2d 460, 461 (Tex. App.—Beaumont 1985, no writ); *Jones v. R.O. Pomroy Equip. Rental, Inc.*, 438 S.W.3d 125, 132 (Tex. App.—Eastland 2014, pet. denied).

27.　The *Jones* case involved a contract for the sale of rental equipment. The defendants challenged the trial courts award of 18% interest. The Eastland Court of Appeals rejected that challenge, holding that the language "maximum amount of interet allowed by law" means the 18% statutory rate applies:[3]

> Where a contract for the rental of equipment, which is not a credit transaction, specifies that interest will be collected on unpaid rental charges, the interest rate can be determined by the judgment rate statutes. FIN. §§ 304.002, 304.003. If the contract specifies that interest will be charged at the maximum rate allowed by law, then a numerical rate is not needed and the rate can be determined by the judgment interest statutes. FIN. §§ 304.002, 304.003. In addition, Texas common law and the judgment rate statutes allow prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract. FIN. § 304.002; Kenneco, 962 S.W.2d at 532; Whitehead Utils., Inc. v. Emery Fin. Corp., 697 S.W.2d 460, 461 (Tex.App.-Beaumont 1985, no writ); see also ExxonMobil Corp. v. Valence Operating Co., 174 S.W.3d 303, 319 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).
>
> Jones signed an Agreement that stated: "All past due balances subject to the maximum amount of interest allowed by law." Jones signed an Agreement and, in so doing, agreed that interest would be collected on unpaid balances. The Agreement also provided that the rate of interest would be the maximum allowed by law, which is determined by the respective judgment rate statutes. FIN. §§ 304.002, 304.003. Jones admitted that Westex had paid some of the rental charges but had not paid the entire amount owed. Jones admitted that he owed $9,994.53 and that the amount was more than thirty days past due. The applicable postjudgment rate is 18% interest, as set out in the judgment rate statute for contracts that provide for interest. See FIN. § 304.002. The prejudgment interest rate is the same as the postjudgment rate of 18% simple interest. See FIN. § 304.002; Emery, 697 S.W.2d at 461. We overrule Jones and Westex's first and fourth issues and sustain Roper's cross-issue.

---

[3] *Jones v. R.O. Pomroy Equip. Rental, Inc.*, 438 S.W.3d 125, 132 (Tex. App.—Eastland 2014, pet. denied).

28.     The *Whitehead* case involved a commercial equipment lease.  Again, appellant challenged the rate of interest.  Again, that challenge failed.  The Beaumont Court of Appeals held:[4]

> The appellants contend that the award of 18% prejudgment interest was error, and that, as a matter of law, the prejudgment interest should have been limited to 6% pursuant to TEX.REV.CIV.STAT.ANN. art. 5069-1.03 (Vernon Pamph. Supp. 1971 to 1985). Appellant argue that the terms and wording of the lease agreement did not provide for a specific rate of prejudgment interest expressed as a percentage; hence, 6% would be the correct rate because this issue, appellants say, is controlled by Art. 5069-1.03. We disagree. Emery counters saying that 18% per annum is the correct figure because the lease agreement actually provided for prejudgment interest at the "highest contract rate of interest which Appellee may charge Appellant under applicable law...."
>
> Paragraph 26 of the lease agreement provides in relevant part:
>
>> "Any amounts required to be paid by Lessee pursuant to this Lease, and not paid when due shall bear interest at the rate (compounded monthly and based upon a year having 365 or 366 days as the case may be, actual day months) of the highest contract rate of interest Lessor may charge Lessee under applicable law.... Upon assessment by Lessor, Lessee shall also pay as an additional service and overhead charge, but not as interest an amount equal to $75.00 for any late payment...."
>
> Apparently Emery has made no effort to collect the $75.00 late payment. We hold that the language in Paragraph 26 invokes TEX.REV.CIV.STAT.ANN. art. 5069-1.04 (Vernon Pamph.Supp.1971 to 1985) as the controlling statute.[5]

29.     The *Jones* and *Whitehead* cases are on all fours.  The clear and unambiguous Lease language that unpaid amounts shall "bear interest at the maximum lawful rate until paid" mandates that TIAA be awarded 18% prejudgment interest as a matter of Texas law.

30.     This Court's Opinion and Claim Objection Order awards TIAA damages of **$3,380,155.37** on TIAA's Proof of Claim ("Allowed POC Amount") and commences accruing interest on the day following notice of termination which would be October 17, 2020.

---

[4] *Whitehead Utilities, Inc. v. Emery Fin. Corp.*, 697 S.W.2d 460, 461 (Tex. App.—Beaumont 1985, no writ)

[5] TEX.REV.CIV.STAT.ANN. art. 5069-1.04 is the predecessor to TEX. FIN. CODE Section 304.002.

31. Eighteen percent (18%) interest accruing on the Allowed POC Amount would be **$581,758.57 (USD)** as of the date of the Opinion, September 30, 2021, or more specifically on the 334th day following the date the indebtedness under the Lease for damages was due. The interest amount on the Allowed POC Amount accumulates or aggregates at **$1,666.93 (USD)/day**.

32. Thus, TIAA respectfully requests this Court enter an Order granting it contractual interest in the amount of **$581,758.57 (USD)** through September 30, 2021, plus interest at the per diem rate of $1,666.93 until such time as TIAA is paid on account of its claim.

Dated: October 4, 2021

By: */s/ David W. Carickhoff*
**ARCHER & GREINER, P.C**.
David W. Carickhoff (No. 3715)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: dcarickhoff@archerlaw.com

-and-

**MAYER BROWN LLP**
Charles S. Kelley, Esq. (admitted *pro hac vice*)
Michael P. Lennon, Jr., Esq. (admitted *pro hac vice*)
Susan L. Alkadri, Esq. (admitted *pro hac vice*)
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com
mlennon@mayerbrown.com
salkadri@mayerbrown.com

*COUNSEL FOR TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA*

222192671v1